United States Bankruptcy Court
Eastern District of Pennsylvania

Wiley,
    Plaintiff

Adv. Proc. No. 22-00058-mdc

Olson,
    Defendant

# CERTIFICATE OF NOTICE

| District/off: 0313-2 | User: admin | Page 1 of 2 |
|---|---|---|
| Date Rcvd: Jul 10, 2023 | Form ID: pdf900 | Total Noticed: 5 |

The following symbols are used throughout this certificate:
**Symbol    Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 12, 2023:**

| Recip ID | Recipient Name and Address |
|---|---|
| pla | + Michael Wiley, 1787 Sentry Parkway West, Blue Bell, PA 19422-2212 |
| dft | + Patrick Lee Olson, 101 Blossom Way, Pottstown, PA 19465-8574 |

TOTAL: 2

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| smg | Email/Text: megan.harper@phila.gov | Jul 11 2023 00:38:00 | City of Philadelphia, City of Philadelphia Law Dept., Tax Unit/Bankruptcy Dept, 1515 Arch Street 15th Floor, Philadelphia, PA 19102-1595 |
| smg | Email/Text: RVSVCBICNOTICE1@state.pa.us | Jul 11 2023 00:38:00 | Pennsylvania Department of Revenue, Bankruptcy Division, P.O. Box 280946, Harrisburg, PA 17128-0946 |
| ust | + Email/Text: ustpregion03.ph.ecf@usdoj.gov | Jul 11 2023 00:38:00 | United States Trustee, Office of United States Trustee, Robert N.C. Nix Federal Building, 900 Market Street, Suite 320, Philadelphia, PA 19107-4202 |

TOTAL: 3

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.
NONE

# NOTICE CERTIFICATION

I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Jul 12, 2023      Signature:      /s/Gustava Winters

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 10, 2023 at the address(es) listed below:**

| | | |
|---|---|---|
| District/off: 0313-2 | User: admin | Page 2 of 2 |
| Date Rcvd: Jul 10, 2023 | Form ID: pdf900 | Total Noticed: 5 |

**Name**  **Email Address**

MARK A. CRONIN

    on behalf of Defendant Patrick Lee Olson bkgroup@kmllawgroup.com

PHILLIP D. BERGER

    on behalf of Plaintiff Michael Wiley berger@bergerlawpc.com  kaufmann@bergerlawpc.com

TOTAL: 2

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| Patrick Lee Olson, | : | Bankruptcy No. 22-11556-MDC |
| Debtor. | : | |
| | | |
| Michael Wiley, successor by assignment to McGrath Technical Staffing, Inc. d/b/a McGrath Systems, | : : : | |
| Plaintiff, | : | |
| v. | : | Adversary No. 21-00058-MDC |
| Patrick Lee Olson, | | |
| Defendant. | : | |

## SCHEDULING ORDER GOVERNING PROCEDURES AT EVIDENTIARY TRIAL CONDUCTED REMOTELY BY VIDEOCONFERENCE

**AND NOW WHEREAS**, it is necessary and appropriate to conduct a trial in the above-captioned adversary proceeding related to the Plaintiff's Complaint against the Defendant objecting to discharge pursuant to 11 U.S.C. §§523(a)(2) and (a)(4) (the "Complaint").[1]

1. On or before **August 1, 2023**, the parties shall file a joint pretrial statement consistent with the form set forth in paragraph 3 below and file a copy with Chambers. The joint pretrial statement shall be signed by all counsel. It is the obligation of Plaintiff's counsel to initiate, assemble and submit the proposed pretrial statement. Plaintiff's counsel shall submit a proposed joint pretrial statement to Defendant's counsel not less than 7 days prior to the deadline for its submission.

   Counsel are expected to make a diligent effort to prepare a proposed pretrial statement in which will be noted all of the issues on which the parties are in agreement and all of those issues on which they disagree. The proposed pretrial statement shall supersede all pleadings in the case. Amendments will be allowed

---

[1] Adv. Pro. Docket No. 1.

only in exceptional circumstances and to prevent manifest injustice.

2. The joint pretrial statement shall be in the following form:

   A. <u>Statement of uncontested facts</u>. A statement of the uncontested facts.

   B. <u>Statement of facts which are in dispute</u>. A statement of the facts in dispute. No facts should be disputed unless opposing counsel expects to present contrary evidence on the point at trial, or genuinely challenges the fact on credibility grounds.

   C. <u>Legal issues</u>. For the causes of action being pursued, identify the following: (i) the constitutional, statutory, regulatory, and decisional authorities being relied upon for each cause of action; (ii) the elements which must be satisfied to prevail on each cause of action; and (iii) which party bears the burden of proof on each element. Also, list any additional legal issues (*e.g.*, affirmative defenses) that will be relevant to the court's disposition of the matter, the authority pertinent to each legal issue, and the party which bears the burden on the issue.

   D. <u>Witnesses</u>. A list of witnesses in the order in which they will be called, along with a brief statement of the evidence the witness will give. Witnesses shall be classified between those whom any party expected to present and those whom any party may call if the need arises. If not already provided to all parties, the address and telephone number of each witness shall be disclosed.

   E. <u>A list of all exhibits</u>. A list of all exhibits to be offered into evidence which shall be serially numbered and physically marked before trial in accordance with the schedule. Documents which a party may offer if the need arises shall be separately identified.

   F. <u>A list of each discovery item and trial deposition</u>. A list of each discovery item and trial deposition to be offered into evidence. Counsel shall designate by page portion of deposition testimony and by number the interrogatories/request for admissions which shall be offered into evidence.

   G. <u>Certification</u>. A certification that the parties have attempted good faith settlement discussions without success.

3. Seven (7) or more days prior to the date of the trial, each party is required to

provide: (i) a copy of exhibits to the opposing parties; and (ii) two copies of exhibits to

2

Chambers.

4.  The Court may require each party to file (and, if not directed by the Court, each party may choose to file), five (5) days prior to the date of the trial, a pretrial memorandum with service on the opposing party and a courtesy copy delivered to Chambers.

**AND**, the Court having **SCHEDULED** trial to begin on **August 8, 2023, at 12:30 p.m.** in **Bankruptcy Courtroom No. 2, Robert N.C. Nix Federal Building & Courthouse, 900 Market Street, 2nd Floor, Philadelphia, Pennsylvania**.

**AND**, the trial shall be held remotely by video conference pursuant to Fed. R. Bankr. P. 9017 (incorporating Fed. R. Civ. P. 43(a));

**It is therefore ORDERED** that the parties shall comply with the following procedures in connection with the trial:

### Pretrial Disclosure Requirements

1.  **On or before August 1, 2023**, any party intending to call a witness to testify by video conference (the "Remote Witness") shall file and serve[2] a Remote Witness List setting forth the following:

    a.  the name and title of the Remote Witness;
    b.  a summary of subject matter of the anticipated testimony;
    c.  an e-mail address for the witness;[3]
    d.  the location of the Remote Witness (city, state, country);
    e.  the place from which the Remote Witness will testify (e.g. home, office –

---

[2] It is contemplated and preferred that all service required by this Order will be accomplished by e-mail. However, other means of service are acceptable so long as the document to be served is received within one (1) business day of service.

[3] The witness' e-mail address provides a means for opposing parties to communicate with the witness (when that is legally permissible) as well as a means for service of exhibits to be used in connection with the witness' examination by opposing counsel during the trial.

3

    no addresses are required);

  f. whether any other person(s) will be in the room with the Remote Witness during the testimony, and if so, who (name, title and the other person(s)' relationship to the Remote Witness), and the purpose of the other person(s)' presence;

  g. whether the Remote Witness will have access to any documents other than exhibits included on the Exhibit List required by Paragraph 3 below and, if so, a description of those documents and the reason why they have not been included on the Exhibit List.

2. **On or before August 1, 2023**, any party intending to offer into evidence in its case in chief or otherwise use at the trial any exhibits shall:

  a. pre-mark each exhibit;

  b. serve each party who has appeared in the matter(s) being heard at the trial with a list of each exhibit ("the Exhibit List");

  c. serve each party with each pre-marked exhibit on the Exhibit List;[4]

  d. deliver the Exhibit List and the exhibits to the court by e-mailing them to the Courtroom Deputy at Eileen_Godfrey@paeb.uscourts.gov.

3. A party that wishes to use an exhibit in connection with the examination or cross-examination of a witness shall serve the witness with each such exhibit (with notice to all other parties) at least 24 hours prior to the trial.

4. If a party anticipates the possibility of offering into evidence or otherwise using exhibits at the trial in the party's case in rebuttal:

  a. On the same date as set forth in Paragraph 2, the party shall prepare a Rebuttal Exhibit List and shall e-mail the Rebuttal Exhibit List and all rebuttal exhibits to the Courtroom Deputy.

  b. The court will retain, without reviewing, the Rebuttal Exhibit List and the rebuttal exhibits unless and until the party seeks to use a rebuttal exhibit at the trial.

  c. If a party seeks to use a rebuttal exhibit, the rebuttal exhibit will then be e-

---

[4] If an exhibit is on the docket, counsel may reference the applicable CM/ECF docket number rather than serving the exhibit itself on opposing counsel. However, an exhibit used in connection with the testimony of a witness must be supplied to the witness.

>mailed to all parties participating in the trial and the witness. If appropriate, the court will take a short recess to allow the other parties to review the exhibit.[5]

5. **FAILURE TO COMPLY STRICTLY WITH THE REQUIREMENTS OF PARAGRAPHS 1-4 MAY RESULT IN THE EXCLUSION OF EVIDENCE OFFERED DURING THE TRIAL**.

### Technological and Logistical Protocols

6. Any attorney or party or representative of a party wishing to attend the trial and participate by video shall notify the Courtroom Deputy at least 72 hours prior to the trial in order to obtain the access information.[6]

7. **ALL AUDIO WILL BE THROUGH THE ZOOM WEBSITE. IT IS STRONGLY PREFERRED THAT ALL PARTICIPANTS EMPLOY THE COMPUTER AUDIO OPTION, RATHER THAN THE TELEPHONIC OPTION AVAILABLE ON THE ZOOM WEBSITE.**

8. Each party calling a witness is responsible for providing the Zoom link to the witness.

9. To reduce the risk of transmission problems with the video or audio during the trial, the parties should, when possible, limit themselves to one (1) participating attorney and it is preferable that those persons who do not anticipate addressing the court limit themselves to audio participation. The court reserves the right to limit the attendance of non-litigants and their

---

[5] The procedures in Paragraph 3 are included because there are situations in which a party may legitimately wish to hold back a rebuttal exhibit and use it only if necessary due to the developments during a trial. If no such concerns exist, nothing in this Order precludes a party from including rebuttal exhibits on the primary Exhibit List and labeling them as such.

[6] An attorney may make the request on behalf of a client or client representative.

5

counsel to receipt of audio.

10. Since Zoom technology permits the participants to set a virtual background when using the video function, all participants are instructed that any virtual background must be dignified and respectful. The background may not contain any messages or background that is political or that may influence the witness or the proceeding or that is otherwise inappropriate. **FAILURE TO COMPLY WITH THIS PARAGRAPH MAY RESULT IN THE IMPOSITION OF SANCTIONS**.

11. **CONSISTENT WITH JUDICIAL CONFERENCE POLICY, NO PERSON MAY RECORD THE VIDEO OR AUDIO OF THE TRIAL. FAILURE TO COMPLY WITH THIS PARAGRAPH MAY RESULT IN THE IMPOSITION OF SANCTIONS.**

Dated: July 10, 2023

_____
MAGDELINE D. COLEMAN
CHIEF U.S. BANKRUPTCY JUDGE

Phillip D. Berger, Esq.
Berger Law Group, PC
919 Conestoga Road
Bldg. 3, Suite 114
Rosemont, PA 19010

Mark A. Cronin, Esq.
KML Law Group, P.C,
701 Market Street
Ste 5000
Philadelphia, PA 19106

6